## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| **DENNIS DELUCA,** | **2:21-CV-11241-TGB-KGA** |
| Plaintiff, | |
| vs. | **ORDER GRANTING DEFENDANT LG CHEM AMERICA, INC.'S MOTION TO DISMISS (ECF NO. 3), DENYING WITHOUT PREJUDICE DEFENDANT LG CHEM, LTD.'S MOTION TO DISMISS (ECF NO. 5), AND ORDERING LIMITED DISCOVERY** |
| **LG CHEM AMERICA, INC. and LG CHEM, LTD.,** | |
| Defendants. | |

Plaintiff Dennis Deluca's e-cigarette battery exploded in his pocket without warning, causing him injuries. He now brings this lawsuit against LG Chem America, Inc., ("LGCAI") and LG Chem, Ltd., the alleged manufacturers. Defendants have each filed Motions to Dismiss for lack of personal jurisdiction. For the reasons that follow, Defendant LGCAI's Motion to Dismiss will be **GRANTED**, and claims against LGCAI will be **DISMISSED WITHOUT PREJUDICE**. As to LG Chem, Ltd.'s Motion to Dismiss, the Court will order limited jurisdictional discovery, and the motion will be **DENIED WITHOUT PREJUDICE** to being re-filed after the completion of such discovery.

## I.   BACKGROUND

Dennis Deluca is a Michigan resident. On April 9, 2017, he purchased four LG HG2 18650 rechargeable lithium ion batteries ("HG2" batteries) for use in his e-cigarette. ¶ 6, ECF No. 1-2, PageID.46. On September 21, 2018, he had such a battery "in his right pocket while he was operating his motor vehicle." ¶ 8. The battery suddenly ignited, catching his pants on fire and causing burns on his leg. ¶ 9. He has since required medical treatment, rehabilitation, and therapy for the injury, and indicates that he suffers from permanent physical injury and emotional trauma. ¶¶ 10-11.

Plaintiff points out that Mr. Deluca is not the only person to have had this experience with an HG2 battery. Others who have experienced similar injuries from using these batteries in e-cigarettes have filed lawsuits against LG affiliates and subsidiaries in courts across the country. *See Sullivan v. LG Chem, Ltd.*, No. 21-11137, 2022 WL 452501, at *1 (E.D. Mich. Feb. 14, 2022) (collecting cases). A review of these cases shows that the LG defendants generally respond to these lawsuits by filing motions challenging personal jurisdiction. Sometimes these motions are successful. Sometimes courts order limited discovery on the issue of jurisdiction. *See, e.g., Sullivan* at *1 (granting motion to dismiss after limited jurisdictional discovery); *Stone v. LG Chem Am., Inc.*, No. CV 20-1211, 2020 WL 3189316, at *1 (E.D. La. June 15, 2020) (denying motion to dismiss and ordering jurisdictional discovery). And in a few

2

cases, courts have found a sufficient showing of personal jurisdiction over one or more LG entities to allow the case to move forward. *See, e.g., Berven v. LG Chem, Ltd.,* No. 118CV01542DADEPG, 2019 WL 1746083 (E.D. Cal. Apr. 18, 2019), report and recommendation adopted, No. 118CV01542DADEPG, 2019 WL 4687080 (E.D. Cal. Sept. 26, 2019).

This lawsuit was originally filed in state court. Defendants properly removed it to this Court on May 26, 2021 and have filed Motions to Dismiss on behalf of LGCAI (ECF No. 3) and LG Chem, Ltd. (ECF No. 5). These motions are now fully briefed, and the Court indicated that it would resolve them without oral argument. ECF No. 8.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(2) authorizes motions to dismiss for lack of personal jurisdiction. When "[p]resented with a properly supported 12(b)(2) motion and opposition, the court has three procedural alternatives: it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any factual questions." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). "The court has discretion to select which method it will follow, and will only be reversed for abuse of discretion." *Id*. Jurisdictional discovery may be ordered when there is "a reasonable basis to expect that further discovery would reveal contacts sufficient to support personal

jurisdiction." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981).

When a defendant challenges personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of establishing the existence of personal jurisdiction. *See Int'l Tech. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997). In the face of a properly supported motion for dismissal, the "plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *E &M Props. v. Razorgator, Inc.*, No. 08-CV-10377, 2008 WL 1837261, at *2 (E.D. Mich. Apr. 23, 2008) (quoting *Theunissen*, 935 F.2d at 1458).

Because the Court has not conducted an evidentiary hearing, it will construe the facts in the light most favorable to Plaintiff and may not consider conflicting facts offered by Defendant. See *Neogen Corp. v. Neo Gen Screening*, Inc., 282 F.3d 883, 887 (6th Cir. 2002). In the absence of an evidentiary hearing, "the plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal." *Theunissen*, 935 F.2d at 1458.

## III. ANALYSIS

In evaluating a motion under Rule 12(b)(2) where no evidentiary hearing has been held, a federal court sitting in diversity applies the law of the forum state, subject to the limits of the Due Process Clause of the Fourteenth Amendment, to determine whether specific personal

4

jurisdiction exists over a defendant. *CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1262 (6th Cir. 1996) (citing *Reynolds v. International Amateur Athletic Federation*, 23 F.3d 1110, 1115 (6th Cir. 1994)). This requires a two-step analysis: (1) the court must determine whether any of Michigan's relevant long-arm statutes authorize the exercise of jurisdiction over Defendants and (2) the court must determine whether exercise of that jurisdiction comports with constitutional due process. *Air Products & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007). These inquiries have some overlapping components and can be made in any order: a claim must meet the requirements of both the Michigan long-arm statute and constitutional due process to move forward, so a deficiency under either question is enough to grant the motion to dismiss.

### A. The Complaint

Plaintiff has not had an easy time identifying the correct corporate defendant in this case, so the Court will briefly touch on the relationships at issue. The state court record shows that Plaintiff initially sued "LG Chem Co., Ltd." and "LG Electronics USA, Inc.", but that LG Electronics was voluntarily dismissed after it filed an affidavit indicating it did not manufacture batteries. ECF No. 1-2, PageID.41-42. The First Amended Complaint in this case was filed against Defendants "LG Chem Co., Ltd." and "LG Chem America, Inc." Defendants filed a declaration of counsel along with their petition for removal indicating that the correct party is

"LG Chem, Ltd.", not "LG Chem Co., Ltd." and further that LG Chem, Ltd. had not yet been served. ECF No. 1-1, PageID.9.

The First Amended Complaint does not state with specificity the differences between the roles of the corporate defendants as related to Plaintiff's claim. *See generally* ECF No. 1-1, PageID.45-54. It says LG Chem is incorporated in South Korea and LGCAI in Delaware, and that they both manufacture and sell "products" across the United States and in Livingston County, Michigan. It declares that the two companies will be referred to jointly as "LG," and then that LG and "its agents, servants, and employees manufactured, delivered, and or distributed the HG2 [battery]" that injured Plaintiff. ECF No. 1-2, PageID.45-46.

There are other entities not formally named as defendants who are nevertheless in the background of this action. In its Response to the Motion to Dismiss, Plaintiff submits excerpts from an LG Chem, Ltd. financial statement from December 31, 2018 and 2019 showing that "LG Chem Michigan, Inc. owns 100% of LG Chem America, Inc." ECF No. 9-2, PageID.135. This ownership relationship is consistent with Defendant's position as well, because Defendant submits the affidavit of Mr. HyunSoo Kim, the Compliance Manager of LGCAI, stating that prior to November 30, 2020, LG Chem, Ltd. wholly owned "LG Chem Michigan, Inc," which wholly owned LGCAI. ECF No. 3-1, PageID.78. This was the ownership structure in place at the time of the events that give rise to Plaintiff's claims.

6

### B. Michigan's long-arm statute

Michigan's long-arm statute permits the state to exercise specific personal jurisdiction over a corporation and to render personal judgments against such corporation in five enumerated circumstances. MCL 600.715. Plaintiff points to two of these circumstances as the basis for exercising personal jurisdiction over both corporate Defendants: (1) "arising out of . . . the transaction of any business in the state" and (2) "arising out of . . . the doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort." MCL 600.715(1)-(2). ECF No. 9, PageID.121; ECF No. 10, PageID.223.

The Sixth Circuit has held that the long-arm statute should be liberally construed in favor of allowing specific personal jurisdiction. *Citizens Bank v. Parnes*, 376 F. App'x. 496, 501 (6th Cir. 2010) (citing *Sifers v. Horen*, 18 N.W.2d 623, 627 (Mich. 1971)). Business dealings in Michigan need not be extensive or prolonged, since the Michigan statute allows "any" business dealings to suffice, and "any" includes even the slightest amount. *Lafarge Corp. v. Altech Environment, U.S.A.*, 220 F. Supp. 2d 823, 828 (E.D. Mich. 2002); *see also Sifers*, 18 N.W.2d at 627. The Sixth Circuit has interpreted the "arising out of" requirement to be satisfied "[when] the alleged economic harm that forms the basis of the suit are directly related to a company's transaction of business in Michigan." *Neogen Corp. v. Neo Gen Screening, Inc*, 282 F.3d 883, 888 (6th Cir. 2002).

7

### i. Defendant LGCAI

Plaintiff alleges that LGCAI meets the requirements of the long-arm statute primarily because of its connections to other LG Chem, Ltd. subsidiaries. As stated, at the time of this incident, LGCAI was wholly owned by LG Chem Michigan, which itself was wholly owned by Defendant LG Chem, Ltd. Plaintiff does not allege that LGCAI manufactured the battery at issue in this case. Instead, it is LG Chem Michigan, not named as a defendant, which is alleged to manufacture lithium-ion batteries and engage in other substantial business in Michigan. Plaintiff alleges that LG Chem Michigan conducts business in Michigan "on behalf of . . . its subsidiaries including, at the time, LGCAI." ECF No. 9, PageID.122. Plaintiff additionally alleges that another entity, LG Chem Power, Inc., based in Troy, Michigan, also conducts business related to lithium-ion batteries in Michigan on behalf of "other subsidiaries including LGCAI." *Id.* None of these allegations is supported by affidavit or plausible evidence, other than the previously mentioned financial statement showing that LG Chem Michigan owned LGCAI during the relevant time period.[1] ECF No. 9-2. But it is unclear how an ownership relationship between LG Chem Michigan and LGCAI, or the

---

[1] Plaintiff also refers to activities of "LG" in Michigan to attempt to connect LGCAI to the state, which the Court will disregard. ECF No. 9, PageID.123. The question for consideration is whether there is jurisdiction over *LGCAI*, and therefore only the actions of that entity (or actions of other entities properly imputed to LGCAI) can be considered in the analysis.

mere existence of another subsidiary such as LG Chem Power, Inc., would make LGCAI subject to jurisdiction.

LGCAI has provided an affidavit from Compliance Manager HyunSoo Kim in support of its Motion, stating that the company has nothing to do with the sale of batteries. ECF No. 3-1. Although at this stage, the Court cannot consider conflicting facts offered by Defendant, Plaintiff does not refute the Kim affidavit claim that LGCAI does not manufacture batteries, and therefore that is no longer a "conflicting fact" but rather a piece of information the Court can consider.

The affidavit does further indicate that LGCAI generates sales from other products in Michigan. ¶ 12, ECF No. 3-1, PageID.79 (stating that sales are "exclusively limited to petrochemical materials and products"). But while it seems to be uncontested that LGCAI transacts some business in Michigan, Plaintiff has not supported "by affidavit or otherwise" the specific facts that would indicate that his cause of action arises from LGCAI's business in Michigan. Plaintiff has not demonstrated that LGCAI *itself* is involved with battery production, manufacturing, or sales in Michigan. The allegations regarding LG Chem Michigan and LG Chem Power, Inc.'s conducting battery-related business for LGCAI are not supported by any evidence. And mere allegations that a subsidiary may be involved in or benefit from the actions of a parent or another subsidiary are not enough to make the required prima facie showing of jurisdictional contacts. The Court finds

that Plaintiff has not sufficiently demonstrated LGCAI is subject to suit under Michigan's long-arm statute.[2]

### ii.  LG Chem, Ltd.

Plaintiff's credible allegations regarding LG Chem, Ltd., while similarly focused on subsidiaries, are different in a crucial aspect: here, LG Chem, Ltd. is alleged to be the *parent* entity of Michigan subsidiaries who were involved in battery manufacturing, sales, and distribution. These subsidiaries are also alleged to conduct business on behalf of the parent. This allegation is supported in part by evidence in the form of a financial statement showing that in 2019, LG Chem, Ltd. was the sole owner of LG Chem Michigan. ECF No. 10-2.

Of course, a subsidiary's contacts cannot be imputed against the parent unless Plaintiff can show "alter ego" liability, which Michigan courts will only find to exist under certain specific circumstances. *ABC Debt Collections, LLC v. Gleason Corp.,* No. 16-14225, 2017 WL 2242362, at *4 (E.D. Mich. May 23, 2017) (describing the factors to be considered to make a finding of alter ego liability). But here, Plaintiffs allege that LG Chem Michigan does "regular, repeated business in Michigan on behalf of its parent company LG Chem," making a plausible claim that this subsidiary is not truly separate from the parent, or that some of LG

---

[2] Because there can be no jurisdiction if the long-arm statute is not satisfied, the Court will not address whether exercising jurisdiction over LGCAI would be prohibited by due process concerns.

Chem Michigan's activities were at the direction of LG Chem in a way that might reveal LG Chem's transaction of business within the state.

This is a highly fact intensive inquiry that cannot be resolved without more information, but that is also crucial to the determination of the motion. Defendant does not dispute the existence of LG Chem Michigan; indeed, executive Kiwon Choi's affidavit explains the relationship between various entities named and confirms that LG Chem Michigan was wholly owned by LG Chem, Ltd. at the time of Plaintiff's injury. ECF No. 6, PageID.103. If it is indeed the case that relevant activities of LG Chem Michigan can be imputed to its parent LG Chem, Ltd. in some way, this would affect the Court's analysis of LG Chem, Ltd.'s contacts with Michigan. *C.f. Reyes v. Freedom Smokes, Inc.,* No. 5:19-CV-2695, 2020 WL 1677480, at \*6 (N.D. Ohio Apr. 6, 2020) (denying request for jurisdictional discovery because plaintiffs failed to "put forth *any* evidence to suggest that LG Chem currently possess sufficient minimum contact in Ohio").

Allegations relevant to the "arising out of" inquiry are similarly in need of specificity that Plaintiff cannot provide at this stage due to lack of discovery. While there is some evidence provided that Defendant LG Chem, Ltd.'s or its subsidiaries' activities involve "battery research and manufacturing," the "harm that forms the basis of the suit" here is the HG2 battery. Without some discovery, the Court cannot determine

11

whether Defendant LG Chem, Ltd.'s activities connected *this battery* to Michigan in such a manner that it should be subject to suit here.

Accordingly, the Court will order limited discovery on the question of the existence of personal jurisdiction over LG Chem, Ltd.[3]

## CONCLUSION

Defendant LGCAI's Motion to Dismiss (ECF No. 3) is **GRANTED**, and LGCAI is **DISMISSED WITHOUT PREJUDICE** from this action. Defendant LG Chem, Ltd.'s Motion to Dismiss (ECF No. 5) will be **DENIED WITHOUT PREJUDICE** pending limited jurisdictional discovery, at the conclusion of which LG Chem, Ltd. may re-file its motion. The Court will contact the parties to schedule a conference regarding the scope of discovery and deadlines.

**IT IS SO ORDERED,** this 25th day of March, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

---

[3] Again, the Court will not address the due process prong of the jurisdictional analysis; such an analysis would be duplicative and potentially incomplete if the Court were to engage in it prior to the completion of jurisdictional discovery.

12