UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DENNIS DELUCA,<br><br>               Plaintiff,<br><br>v.<br><br>LG CHEM CO., LTD, a foreign corporation and LG CHEM AMERICA, INC., a Delaware corporation, jointly and severally,<br><br>               Defendants. | Case No. 2:21-cv-11241-TGB-KGA<br><br>District Judge Terrence G. Berg<br>Magistrate Judge Kimberly G. Altman<br><br>**STIPULATED PROTECTIVE ORDER** |

**STIPULATED PROTECTIVE ORDER**

      Plaintiff Dennis Deluca and Defendant LG Chem, Ltd. (hereinafter the "Parties") agree to entry of the following protective order to facilitate discovery that may include production or disclosure of confidential and proprietary business, research, development and/or other commercially or personally sensitive information and that the party producing such materials has a protected proprietary and property interest in those materials.

      The Court, therefore, orders as follows:

**CONFIDENTIAL DISCOVERY MATERIALS**

      1.     Scope and Definitions. The terms of this Order as set forth below shall apply to specific documents produced in discovery, specific responses to discovery requests, pertinent deposition testimony and exhibits, and any other materials which may be subject to discovery (hereinafter collectively "Discovery Material") that is deemed proprietary, confidential, and/or trade secret. In this Stipulated Protective Order, the words set forth below shall have the following meanings:

            a.     "Confidential Discovery Material" means any document, testimony, or

other material that has been designated CONFIDENTIAL according to the procedures outlined in Paragraph 2 below, including any deposition testimony for which the Party's time to designate has not yet expired as set forth in Paragraph 2.b. below, and where the document, testimony or other material has not lost its Confidential status pursuant to Paragraph 8.c. below.

      b.    "Counsel of Record" means counsel of record for the Parties, their respective law firms, and affiliated attorneys, paralegals, clerical, secretarial and other support staff employed by such counsel.

      c.    "Document" means any writing, original or duplicate, whether in hard copy or electronically maintained, that has been produced in this case.

      d.    "Litigation" means the above-referenced action, *Dennis DeLuca v. LG Chem, Ltd.* et al., pending in the United States District Court, Eastern District of Michigan, Case No. 2:21-cv-11241-TGB-KGA.

      e.    "Party" or "Parties" means Plaintiff Dennis DeLuca ("Plaintiff") and Defendant LG Chem, Ltd. ("LG Chem"), including all of its officers, directors, owners, members, and employees.

    2.    Form and Timing for Designation of Discovery Materials as CONFIDENTIAL.

      a.    Confidential Documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the CONFIDENTIAL designation. The need to review and designate discovery materials as CONFIDENTIAL shall not delay, modify, or abridge the time limits set forth in the Federal Rules of Civil Procedure and Civil Local Rule 79-5 for the production of such documents in response to properly served requests for discovery.

      b.    Confidential Deposition Testimony. Portions of depositions may be

designated as CONFIDENTIAL on the record when the deposition is taken, or by written designation served within thirty (30) days after receipt of the official transcript. Such designation shall be specific as to the portions to be protected. All deposition testimony shall be treated as Confidential by all parties until thirty (30) days after receipt of the official transcript, in order to give each Party the opportunity to serve Confidential designations.

   c. No waiver by inadvertent or unintentional disclosure of Confidential Documents without Confidential designation. Inadvertent or unintentional production of documents without prior designation as CONFIDENTIAL shall not be deemed a waiver, in whole or in part, of the right to designate documents as CONFIDENTIAL as otherwise allowed by this Order. In the event that any material that is subject to a CONFIDENTIAL designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within thirty (30) days of discovery of the inadvertent production, together with a further copy of the subject document designated as CONFIDENTIAL.

  3. Discovery Materials Which May be Designated Confidential.

   a. Any Party may designate documents, testimony, or other discovery material as CONFIDENTIAL but only after review of the documents or testimony by an attorney who has, in good faith, determined that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information.

   b. For information produced in some form other than paper or electronic image on which a CONFIDENTIAL stamp can be affixed as set forth in Paragraph 2.a., and for any other tangible items, including, without limitation, compact discs or DVDs, the designating Party must affix in a prominent place on the exterior of the container or containers in which the information

or item is stored the term "CONFIDENTIAL." If only portions of the information or item warrant protection, the designating Party, to the extent practicable, shall identify the portions designated CONFIDENTIAL.

    c.    Information or documents which are available in the public sector may not be designated as CONFIDENTIAL.

4.    Protection of Confidential Discovery Material.

    a.    General Protections. Material designated CONFIDENTIAL under this Order shall not be used by the Parties or Counsel of Record for the parties or any other third persons to whom such Discovery Material may be disclosed pursuant to Paragraph 4.d. below, for any purposes whatsoever other than preparing for and conducting the Litigation in which the documents were disclosed.

    b.    Acknowledgment of Understanding and Agreement to Be Bound. The Parties, by and through their Counsel of Record, shall be required to execute an Acknowledgment of Understanding and Agreement to be Bound in the form set forth as Attachment A before disclosure of Confidential Discovery Material may be made to such Party.

    c.    Additional Parties Joining Lawsuit. If additional parties join this lawsuit, they must not be given access to any Confidential Discovery Material unless they agree to be bound by this protective order.

    d.    Limited Disclosure of Confidential Discovery Materials for Purposes of the Litigation. The Parties and Counsel of Record for the Parties shall not disclose or permit the disclosure of any Confidential Discovery Material under the terms of this Order to any other person or entity except as set forth herein below, and then only after the person to whom disclosure is to be made has executed an Acknowledgement of Understanding and Agreement to be Bound by the terms of this Order (in the form set forth at Attachment "A" hereto), that he or she has read and

understands the terms of this Order and is bound by it. For third parties to whom disclosure may be made under subsections (1)-(6) below, the third party's Acknowledgment form need not be filed with the Court or shared with other Parties, but shall be maintained by Counsel of Record for the Party making the disclosure for the duration of the Litigation. Subject to these requirements, the following categories of persons shall be allowed to review documents which have been designated CONFIDENTIAL pursuant to this Order:

(1) interpreters retained by the Parties or their Counsel of Record to assist in the preparation and trial of the Litigation;

(2) any witness who has not previously had access to the Confidential Discovery Materials as a Party or officer, director, member, owner or employee of a Party;

(3) outside consultants, investigators, or experts retained by the Parties or their Counsel of Record to assist in the preparation and trial of the Litigation;

(4) commercial copy vendors, graphics, translation or design services vendors retained by the Parties or their Counsel of Record to assist in the preparation and trial of the Litigation;

(5) mock jury participants retained by the Parties or their Counsel of Record to assist in the preparation and trial of the Litigation; and

(6) other persons only upon prior written consent of the Party that produced the Confidential information to be disclosed.

In addition, limited disclosure may be made to court reporters, recorders and videographers engaged for depositions to the extent the deposition exhibits or testimony may include CONFIDENTIAL information. Such court reporters, recorders and videographers shall not be required to execute Attachment "A."

e.  Prohibition on Using or Sharing for Purposes of Other Litigation. The

4882-3360-7711.1

general protections herein and limitations on disclosure to third parties contained herein expressly preclude the Plaintiff or his Counsel of Record, absent approval from the Court as described below, from (1) sharing Confidential Discovery Materials produced in the Litigation with non-parties, including other counsel involved in other litigation with any defendant, and (2) using such Confidential Discovery Materials for purposes other than the Litigation.

    f. Control of Documents. Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel of Record shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the Confidential Discovery Material along with the originals of the Acknowledgement of Understanding and Agreement to be Bound forms signed by those persons acknowledging their obligations under this Order. Confidential Discovery Materials must be stored and maintained by the receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Parties receiving Confidential Discovery Material shall exercise the same care with regard to the storage, custody, or use of such Confidential Discovery Material as they would apply to their own material of the same or comparable confidentiality and sensitivity.

    g. Copies. All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as CONFIDENTIAL under this Order or any portion of such a document, shall be affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

  5. Confidential Information Subpoenaed in Other Litigation. If a Party is served with a subpoena or order issued in other litigation that would compel disclosure of any Confidential Discovery Material produced in this Litigation, the receiving Party must so notify the designating

4882-3360-7711.1

Party, in writing, immediately and in no event more than ten (10) business days after receiving thesubpoena or order. Such notification must include a copy of the subpoena or court order. The receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating Party in this case an opportunity to protect its Confidential documents or other information in the court from which the subpoena or order issued. The designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential documents or other information, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while a receiving Party has Confidential Discovery Material in its possession, custody, or control.

6.      Filing of Confidential Materials. In the event a Party seeks to file any material that is subject to protection under this Order with the Court in the Litigation, that Party shall take the following measures pursuant to Local Rule 5.3:

a.      Filing Under Seal. This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in this case must file and serve a motion that sets forth: (a) the authority for sealing; (b) an identification and description of each item proposed for sealing; (c) the reason that sealing each item is necessary; (d) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (e) a memorandum of legal authority supporting the seal.

4882-3360-7711.1

See E.D. Mich. LR 5.3; *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). With the exception of limited purpose filings allowed by Eastern District of Michigan Local Rule 5.3(b)(3)(A)(vi), no party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. Whenever a motion to seal is filed, the movant shall submit a brief that states the particular reason the seal is required. If a motion to seal is granted, then the documents to be sealed may be separately electronically filed under seal.

      7.      Notice to Designating Party. Any party, other than the Designating Party, that anticipates filing any material that has been designated as Confidential Information must provide reasonable notice to the Designating Party of the proposed filing, so that the Designating Party will have ample time, if it so desires, to file a motion for leave to file the material in question under seal. The parties shall meet and confer in connection with any anticipated motion for an order authorizing the filing of Confidential Information under seal, in a good faith attempt to reach an agreement regarding whether the Confidential Information should be filed under seal. See E.D. Mich. LR 7.1(a). If an agreement is reached, then the parties may file a joint motion for leave to file under seal, in conformance with paragraph A and Eastern District of Michigan Local Rule 5.3. If an agreement is not reached, then the Designating Party may file a motion in compliance with paragraph A and Local Rule 5.3. If the motion is denied, then the party separately may file the material, but not under seal.

      8.      Challenges to Designation as Confidential. Any CONFIDENTIAL designation is subject to challenge. In order to ensure the Parties' ability to properly review and challenge CONFIDENTIAL designations, the Parties shall produce all documents in a legible format. The following procedures shall apply to any such challenge.

      a.      The burden of proving the necessity of a CONFIDENTIAL designation

remains with the Party asserting confidentiality.

      b.    A Party who contends that documents designated CONFIDENTIAL are not entitled to confidential treatment shall give written notice to the Party who affixed the designation of the specific basis for the challenge, within thirty (30) days after receipt of the Confidential Discovery Material. The Party who so designated the documents shall have thirty (30) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the Confidential designation.

      c.    Notwithstanding any challenge to the designation of Discovery Materials as Confidential, all material previously designated CONFIDENTIAL shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

      (1)    the Party who claims that the Discovery Materials are Confidential withdraws such designation in writing; or

      (2)    the Court rules that the documents should no longer be designated as confidential information.

    9.    Inadvertent Disclosure of Privileged Materials. If a Party discovers through any means that it has inadvertently produced documents or other information that is subject to a good faith claim of privilege, that Party may provide written notice to the receiving Party that the document or information was inadvertently produced and the basis for asserting a privilege with specificity. The privilege shall not apply to information contained within the document, but only to attorney's mental impression consistent with the prevailing case law. This written notice shall be deemed to comply with that Party's obligation to take reasonable steps to rectify disclosure. If a Party receives a notice of inadvertent production, or if documents reasonably appear to have been inadvertently produced, the receiving Party shall refrain from reading the document and promptly return to the producing Party the inadvertently produced document(s) or information

4882-3360-7711.1

(and all copies thereof) within its possession, custody, or control as to which the claim of inadvertent production has been made. In addition, the receiving Party shall destroy all notes or work product reflecting the contents of such document(s) or information and shall not use such document(s), or the information contained therein, for any purpose in this proceeding or in any other proceeding, within ten (10) days after notice that a document or information was inadvertently produced. To the extent there is a conflict of law regarding the receiving Party's obligation to return or destroy privileged documents, the law most favorable to the inadvertent producing Party shall apply. If documents or other information subject to a claim of privilege or protection from disclosure on the basis of the attorney-client privilege, work-product doctrine, common-interest privilege, or on the basis that it was prepared in anticipation of litigation, or on any other ground of privilege is inadvertently produced by a Party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim that the document or information is privileged or otherwise protected from disclosure in this case or in any other state or federal proceeding; and the receiving Party may not argue that the Party producing the document or information failed to take reasonable steps to prevent production of the document or information in support of an argument that any privilege has been waived. Nothing contained herein is intended or shall serve to limit a Party's right to conduct a review of documents for relevance, responsiveness, and/or segregation of privileged or protected information before production.

    10.    Treatment of Confidential Discovery Material on Conclusion of Litigation.

        a.    Order Remains in Effect. All provisions of this Order restricting the use of Confidential Discovery Material shall continue to be binding after the conclusion of the Litigation unless otherwise stipulated and agreed in writing by all Parties, or as Ordered by the Court.

        b.    Destruction or Return of Confidential Documents. Within Sixty (60) days

4882-3360-7711.1

after the conclusion of the Litigation, whether by judgment, settlement, or dismissal, including conclusion of any appeal, all Discovery Material designated as Confidential under this Order, including transcripts of deposition testimony and copies of documents as defined above (¶4.g.) shall be destroyed by the receiving Party.

    c.  The producing Party shall keep a copy of all Confidential Discovery Material for a period of two (2) years after the termination of the Litigation ("Retained Confidential Discovery Material").  The Retained Confidential Discovery Material will be produced to the receiving Party only upon proof that the receiving Party has been sued, or is facing the threat of a lawsuit, for malpractice and/or professional negligence related to the receiving Party's representation of Plaintiff in the Litigation.  The standard of proof required to evidence a pending lawsuit for malpractice and/or professional negligence shall be a copy of the operative complaint and/or petition and assurance from the receiving Party that said lawsuit for malpractice and/or professional negligence remains pending and has not been dismissed.  The standard of proof required to evidence a pending or imminent claim for malpractice and/or professional negligence shall be a copy of the insurance claim letter or a demand from any claimant.

    d.  The receiving Party shall destroy all Retained Confidential Discovery Material within sixty (60) days after the conclusion of any action or claim against the receiving Party for malpractice and/or professional negligence related to the receiving Party's representation of Plaintiff in the Litigation.  An action for malpractice and/or professional negligence shall be deemed concluded after the final disposition of the case and expiration of all appellate deadlines.  A claim for malpractice and/or professional negligence shall be deemed concluded after the claim has been resolved by way of settlement or other agreement not to pursue further recovery against the receiving Party, or upon the expiration of the statute of

4882-3360-7711.1

limitations for any lawsuit against the receiving Party for malpractice and/or professional negligence. The receiving Party shall notify the producing Party in writing within ten (10) days after the Retained Confidential Discovery Material has been destroyed.

    e. In the event the receiving Party seeks to use the Retained Confidential Discovery Material in defense of any lawsuit or claim for malpractice and/or professional negligence, the receiving Party shall obtain a confidentiality or protective order from the prosecuting party or assurance from the claimant that the Retained Confidential Discovery Material shall be treated as confidential and subject to non-disclosure for all purposes other than defense of the malpractice and/or professional negligence lawsuit or claim.

  11. Order Subject to Modification. This Order shall be subject to modification on motion of any Party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the Parties shall have been given notice and an opportunity to be heard on the proposed modification.

  12. No Judicial Determination. This Order is entered for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as Confidential by counsel is subject to protection under the Federal Rules of Civil Procedure or Local Rules of the United States District Court, Eastern District of Michigan, or otherwise until such time as a document-specific ruling shall have been made.

  13. Persons Bound. This Order shall take effect when entered and shall be binding upon all Parties, their Counsel of Record, and any other Person to whom Confidential Discovery Materials may be disclosed pursuant to Paragraph 4 above.

  14. This Order does not control the use of exhibits during trial relating to the parties;

4882-3360-7711.1

provided however that exhibits containing confidential information relative to non-parties who have not consented to their unredacted use may only be used with redactions agreed upon by the parties or, in the absence of agreement, ordered by the Court.

15. Nothing in this protective order shall be construed to limit Plaintiff's attorney's ability to discuss the substantive issues relating to the case with other Plaintiff's attorneys who had or currently have active cases against LG Chem, relating to its 18650 lithium-ion battery cells so long as no information protected as confidential under this Order is shared.

16. This protective order shall only apply to confidential information and confidential documents produced during the jurisdictional discovery phase, and may later be replaced or amended should the case proceed to discovery on the merits.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

/s/Terrence G. Berg
HONORABLE TERRENCE G. BERG
United States District Judge

Dated: May 16, 2022

The parties, by and through the undersigned counsel, stipulate to entry of the foregoing protective order.

DATED: May 12, 2022

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Trevor J. Ingold (CA Bar No. 193227)
LEWIS BRISBOIS BISGAARD & SMITH LLP
633 West 5th Street, Suite 4000,
Los Angeles, California 90071
Tel. 213.599.7825 /Fax. 213.250.7900
Trevor.Ingold@lewisbrisbois.com
*Attorney for Defendant LG Chem, Ltd.*

4882-3360-7711.1

DATED:  May 12, 2022						JOHNSON LAW, PLC

									By:  */s/ Kanwarpreet S. Khahra*
									Kanwarpreet S. Khahra (P80253)
									JOHNSON LAW, PLC
									535 Griswold St., Ste. 2632
									Detroit, MI 48226
									pdoherty@venjohnsonlaw.com
									kkhahra@venjohnsonlaw.com
									*Attorneys for Plaintiff Dennis DeLuca*

4882-3360-7711.1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| DENNIS DELUCA,<br><br>        Plaintiff,<br><br>v.<br><br>LG CHEM CO., LTD, a foreign corporation and LG CHEM AMERICA, INC., a Delaware corporation, jointly and severally,<br><br>        Defendants. | Case No. 2:21-cv-11241-TGB-KGA<br><br>District Judge Terrence G. Berg<br>Magistrate Judge Kimberly G. Altman<br><br>**ATTACHMENT "A" TO THE STIPULATED PROTECTIVE ORDER** |

The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated_____, in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____        _____
                                                                                Signature

4882-3360-7711.1